MISSOURI, KANSAS & TEXAS RY. CO. VS FARRINGTON.

Opinion delivered January 8, 1898.

*Killing of stock by Railway Co.—Negligence—Question for Jury.*

> Plaintiff's cow was killed by defendant's train. Plaintiff's evi
> dence was that the train was two hundred yards from the cov
> when she got upon the track. The engineer testified that sh
> got on the track about ninety feet from the engine. That sh
> got off, but that she came back on the track when the engin
> was about fifty feet from her. There was a slight curve bu
> the view was unobstructed, that the engineer made no effor
> to slacken its speed. *Held,* The evidence properly went to th
> jury and it was the province of the jury to say whether th
> circumstnaces are sufficient to warrant a finding that the cov
> was killed through the negligence of the Railway company.

Appeal from the United States court for the Norther
district.

YANCEY LEWIS, Judge.

Charles B. Farrington sued the Missouri, Kansas
Texas Railway Company for the value of a cow killed b
one of Defendant's trains. Judgment for plaintiff. De
fendant appeals. Affirmed.

This is an action brought by the appellee, the plai
tiff below, against the appellant, the defendant below, o
the 21st day of March, 1893, before Joseph G. Ralls, Unite
States commissioner for the Second judicial division of th
Indian Territory, at Atoka. The plaintiff, in his complain
alleged that on the 13th day of November, 1892, he was th
owner and in possession of a certain cow, cream color, abou
five years old, branded W S on side, and of the value of $25

that on said day said defendant did carelessly and negligently, and without fault on plaintiff's part, with a train run and operated by its agents and servants strike said cow, and so bruised and injured her that she died therefrom, to the damage of plaintiff $25. The cow was so struck opposite the freight house on defendant's track at Caddo, Ind. Ter. Summons was issued and served on the 21st day of March, 1893, and on the 31st day of May, 1893, the defendant filed its answer, denying all the allegations in the plaintiff's complaint; and on the same day the case was tried before S. M. Rutherford, the then commissioner, and a jury of six good and lawful men, and, after hearing the evidence, the jury returned a verdict for the plaintiff, and assessed his damages at $20. Upon this verdict judgment was rendered. Defendant gave notice and filed affidavit and bond for appeal on June 3, 1893, to the district court. On the 9th day of January, 1894, motion was made for a change of venue from the Second judicial division of the Indian Territory to the First judicial division of the Indian Territory, and on the 24th day of June, A. D. 1896, the case was tried before Hon. Yancey Lewis, special judge, in the absence of Hon. William M. Springer, regular judge, and a jury, and a verdict returned for the plaintiff in the sume of $20. On the 25th day of June, 1896, defendant moved for a new trial, which was overruled, and judgment rendered upon the verdict, to the entering of which judgment the defendant excepted, and appealed to this court; and afterwards, on the 12th day of October, 1896, defendant filed a bill of exceptions, which bill of exceptions contains the evidence adduced on the trial of the case, together with numerous requests on the part of the defendant for instructions to be given to the jury, which requests were overruled by the court, and the court gave the following charge to the jury: "The court instructs the jury that the right of the plaintiff to recover in this case rests upon

the proof of negligence on the part of defendant company's employes. If there be no proof of such negligence, you will find for defendant. The court instructs the jury that there is no obligation on the part of said defendant company to fence the track, and, if the track's not being fenced was the cause of the injury, then you cannot find for plaintiff. Now, if you find that defendant's servants and employes, in operating its train and engine, failed to exercise ordinary care to discover the animal on the track, and to avoid injuring it after it was discovered, and that said failure caused the injury, then you will find for plaintiff. If the evidence fails to show that the defendant's employes were lacking in ordinary care,—ordinary care meaning that care which a reasonably prudent man would use under the same circumstances with like agencies,—then you will find for defendant. The burden of proof is on the plaintiff to establish his right to recover. If he has failed to show negligence, or if the evidence is evenly balanced with the defendant's, find for the defendant, for negligence must be shown on the part of the defendant. You are the judges of the weight of the evidence and the credibility of the witnesses. Take a standard which is the care that an ordinarily prudent man would exercise under like circumstances with like agencies; apply that standard to the proof in this case. If it shows that the employes failed to exercise that care, find for plaintiff. If the proof falls short of showing that they failed to exercise that care, find for defendant. If you find for plaintiff, find for a reasonable market value of the animal."

*Clifford L. Jackson*, and *Joseph M. Bryson*, for appellant.

An engineer of a railway train is not required to stop or slow up his train every time an animal is seen near the track. Wallace vs Railway Co., 74 Mo. 594; Young vs Railroad Co., 79 Mo., 336; Wilburn vs Railway Co., 21 Mo. App. 246; Peoria Railway Co. vs Champ, 75 Ill. 578. The

court erroneously instructed the jury to find for the plaintiff if defendant negligently failed to discover the animal on the track and avoid injuring it after it was discovered. Washington vs Railway Co., 49 Fed. 347; Wallace vs Railway Co., 74 Mo. 594.

*Z. T. Walrond*, and *J. H. Gordon*, for appellee.

The distance in which a railway train may be stopped by use of ordinary care and prudence, is a question for the jury. G. C. & S. F. Railway Co. vs Ellis, 10 U. S. App. 640. It is not incumbent upon plaintiff in a suit for an animal killed by a railway train to show that the engineer discovered the animal at such a distance from it that he could have stopped the train, but it is sufficient to show that by the use of ordinary care and diligence, the engineer could have seen the animal upon the track. G. C. & S. F. Railway Co., vs Washington, 4 U. S. App. 127; G. C. & S. F. Railway Co., vs Johnson, 10 U. S. App. 633.

TOWNSEND, J. (after stating the facts.) There is some conflict in the evidence in this case as to the distance the train was from the cow when the cow got upon the track and also as to the speed the train was running. The evidence of the plaintiff is that the train was 200 yards from the cow when she got upon the track, and the evidence of the engineer is that she was about 90 feet from the engine; that she got off the track, and he thought she would remain off, but that she came back on the track when the engine was about 50 feet from her. The evidence is that there was a slight curve, but it was upon the prairie, and the view unobstructed, and, as witness White testified, the "engineer could have seen a dog." The evidence further is that the train made no effort to slacken its speed, but, as it approached the cow, rather increased it, and the speed they were running is estimated from 10 miles per hour, by defendant's witness, to

40 miles per hour, by plaintiff's witnesses. The evidence,
we think, properly went to the jury, and it is the province of
the jury to say whether the circumstances are sufficient to
warrant a finding that the cow was killed through the negli-
gence of the railway company. The duty of railway com-
panies to keep a lookout for stock on their tracks is no longer
an open question. We think the charge of the court prop-
erly stated the law to the jury. The questions involved in
this case are fully discussed in Railway Co. vs Ellis, 10 U.
S. App. 640, 4 C. C. A. 454, and 54 Fed. 481; Railway Co. vs
Washington, 4 U. S. App. 121, 1 C. C. A. 286, and 49 Fed.
347; Railway Co. vs Elledge, 4 U. S. App, 136, 1 C. C. A.
295, and 49 Fed. 356; Railway Co. vs Johnson, 10 U. S. App.
629, 4 C. C. A. 447, and 54 Fed. 474, and cases cited. We
do not think there is any error, and the judgment is there-
fore affirmed.

SPRINGER, C. J., and CLAYTON and THOMAS, JJ.,
concur.

*(margin note: Negligence. Question for Jury.)*