## MISSOURI, KANSAS & TEXAS RAILWAY CO. vs WHITE.

### Opinion delivered October 1, 1898.

*1. Parties—Amendment.*

In an action commenced by " W and B," an amendment changing it to " W to the use and benefit of B " is not a change of parties and was properly allowed.

*2. Railroad Companies—Killing Stock—Negligence.*

The negligence for which a railroad company is liable is for the failure of its employees operating its engines and trains to exercise reasonable care to discover animals upon its track, and to avoid striking them after they had discovered them.

Appeal from the United States Court for the Central district.

YANCEY LEWIS, Judge.

Action by Barbara White, for the use of R. P. Bowles, against the Missouri, Kansas & Texas Railway Company. Judgment for plaintiff. Defendant appeals. Affirmed.

This is an action for damages commenced before a United States commissioner for the Central district of the Indian Territory by R. P. Bowles and Barbara White against the Missouri, Kansas & Texas Railway Company, the appellant and defendant below. Judgment was rendered against the defendant, and an appeal was taken to the United States Court for the Central district of the Indian Territory. The action was brought to recover damages for the killing of five head of cattle by the defendant, at different dates, extending from the spring of 1893 to August, 1894; the plaintiffs alleging, in each instance, that the killing was done through the carelessness and negligence of the defendant's agents and employes, and not through the fault of the plaintiffs. The defendant denies by its answer in each instance that it killed and destroyed the animal alleged through the carelessness and negligence of its agents and employes; denies that it damaged the plaintiffs in any sense whatever; and denies that the animals were of the value alleged; and alleges that the animals were not the property of the plaintiffs. The case was tried in the District Court before Hon. Yancey Lewis and a jury, March 13, 1896. It appeared from the evidence of the plaintiff R. P. Bowles that he had attached these cattle as the property of Mr. White; that Mrs. Barbara A. White interpleaded in that suit, claiming the cattle as her own property; and while that case was pending the plaintiff Bowles and the plaintiff Barbara A. White entered into a contract, dated August 21, 1894, which is as follows, to wit: "Aug. 21st. 1894. It is hereby agreed that all the cattle levied on by the constable in the case of R. P. Bowles vs Wm. White, and claimed by me as interpleader in said case, which has been appealed to the United States Court at South McAlester, and for which cattle this interpleader obtained a judgment in the commissioners' court at Atoka, be, and the same are hereby, transferred to the said R. P. Bowles, together with all claims against the Missouri, Kan-

sas & Texas Ry. Co., a corporation, for damages in killing and injuring any or all of said cattle, and I hereby release to the said R. P. Bowles all my right, title, and interest in and to each and all of said cattle and claims, and authorize said R. P. Bowles to use my name in any and all accounts and claims for the collection of any and all cattle killed by the said R. R. Co., and to use my name in any and all actions that may be necessary in the collection thereof. B. A. White." The defendant excepted to the introduction of this contract. Plaintiff moved to amend by changing the names of plaintiffs from " R. P. Bowles and Barbara A. White " to " Barbara A. White, to the Use and for the Benefit of R. P. Bowles, Plaintiff," which motion was allowed by the court, and to which ruling defendant excepted.

The court instructed the jury as follows, to wit: "The railway company is not liable for any injuries resulting to stock of the plaintiff or of anybody else through not having fenced its track. There is no obligation in law in the Indian Territory imposing a duty upon a railway company to fence its tracks. It is not liable because it killed the stock. It is only liable if it killed the stock through the negligence of its employes operating its engines and trains. (The negligence for which it would be liable is the failure of its engineers or employes operating its engines and trains to exercise reasonable care to discover animals upon the track, and to avoid striking them after they had discovered them.) Reasonable care is the care which a prudent person would use with like agencies and under like circumstances. If you believe from the evidence that the defendant's employes operating its engines were guilty of a lack of reasonable care in endeavoring to discover animals upon its track, and to avoid striking them, and by reason of said lack of care injury was inflicted upon the animals whose value is sued for, or upon any of them, and that such injury would not have occurred but for the failure on the part of defendant's engi-

neers or employes operating its engines to exercise reason-
able care to discover the animals upon the track and to
avoid striking them, then you should find for the plaintiff as
to such animals as to which you find that defendant's em-
ployes were negligent, under these instructions, if any. If
you find that defendant's engine and train did actually kill
any or all of the stock, but that as to any or all there was
not a failure upon the part of its employes operating its en-
gines to exercise reasonable care,—that is, the care which a
reasonably prudent man, with like agency and under like
circumstances, would exercise to discover animals upon the
track and to avoid striking them, or inflicting injuries upon
them,—the defendant would not be liable, and as to such
animals, where you find that there was not a failure to exer-
cise such care, your verdict should be for the defendant.
The court instructs you that it does not necessarily follow
that when an engineer discovers an animal upon the track,
that he is negligent if he does not stop his train. Regard
must be had for his own safety, and for the safety of his
fellow employes; and if a reasonably prudent man, under
the circumstances in which the engineer may be shown to
have been by the evidence, when the animal was discovered,
would not have checked the train in the exercise of reason-
able prudence and caution, then he would not be guilty of
negligence, and the company would not be liable in that
case. If, however, in the exercise of such care, after the
discovery of the animal, having due regard to his own safety
and the safety of his fellow employes, he could have
stopped the train or slackened its speed, or avoided striking
the animal, and the evidence showed that he failed to exer-
cise reasonable care in that particular, resulting in the in-
jury to the animal, then the defendant would be liable for
such injury. The degree of care to be exercised is to be
determined by the exigencies of the particular situation,
having regard not only to the killing or avoiding injury to

the animal, but also to the safety of the engineer and his fellow employes. If, in the exercise of ordinary care, he could have stopped or slackened his speed, or avoided the injury, as I have told you, and he failed to do so, it would be negligence for which the company would be liable. If he could not do these things, having regard to the safety of himself and his fellow employes, he would not be negligence. Of this matter you are the judges, under the evidence. The burden is upon the plaintiff to show negligence upon the part of the company's employes operating its engines, and, if he has failed to show a failure upon the part of the company's employes to exercise ordinary care as thus defined to you, then your verdict will be for the defendant. If it is shown that such failure to exercise that degree of care resulted in injury to the stock in question, or any of it, then your verdict will be for the plaintiff. If you find for the plaintiff, you must find a reasonable market value for the animals killed for whose killing you find the defendant liable because of the negligence of its employes, under the instructions that I have given you. You will find in favor of the party in whose behalf, in your judgment, is the preponderance of the evidence submitted to you." The jury returned a verdict for plaintiff for $100. Defendant moved for a new trial, which motion was overruled by the court, to which defendant excepted, and judgment was entered upon the verdict; whereupon defendant appealed to this court.

*Clifford L. Jackson*, for appellant.

1. The court erred in permitting a change in the parties plaintiff. When the proof shows no liability to the plaintiff who has sued, there can be no recovery by him against the defendant. Newman on Pleading and Practice pp. 288. If action is commenced in name of the plaintiff in one capacity, it cannot afterwards be changed into an action in favor of the plaintiff in another capacity. Blanchard vs

Strait, 8 How. Pr. 83.   The court cannot allow an amend-
ment making a new party plaintiff, where the original plain-
tiff has failed to show a cause of action.    State vs Rottaken,
34 Ark. 144; Connecticut Fire Insurance Co. vs Kinne, 77
Mich. 398; Dicey on Parties to Action, 236; American Bank
vs Campbell, 34 Mo. App. 45; Barnes vs Prewitt, 28 Mo.
App. 163. If suit is brought against defendant as a corpora-
tion, plaintiff cannot amend to show that defendant is a
partnership.   Sawyer vs New York Clothing Co. 1 New
Eng. Rep. 432.

2.   The court erred in refusing to instruct the jury
that the engineer might in the proper discharge of his
duties, have increased the speed of the train if necessary for
the safety of himself and other employees on the train.
Railway Co. vs Champ, 75 Ill. 578; Melburn vs Railway, 21
Mo. App. 432.

*Geo. A. Pate* and *R. L. Williams*, for appellee.

TOWNSEND, J.   The appellant has filed 25 specifica-
tions of error, but in the brief of his argument he limits his
specifications to five different heads:

First, that the District Court should have directed
the jury to return a verdict for the defendant upon the whole
case, as well as to each of the animals mentioned in the com-
plaint.   Under this head, counsel for appellant first dis-
cusses the question of negligence on the part of appellant,
and evidently satisfies himself that no negligence was
proven, notwithstanding the verdict of the jury.   And,
second, counsel says:   "Outside of the question of neglig-
ence in this case, there are other reasons why a verdict in
favor of appellant should have been directed by the District
Court.   This suit was originally brought by R. P. Bowles
and Barbara White as joint plaintiffs, claiming a joint in-
terest in each of the five head of cattle, and a joint cause of

action against the railway company for wrongfully killing each head thereof. Whilst plaintiffs were introducing their evidence in the trial of the case, the following proceedings were had: R. P. Bowles, one of the plaintiffs, being on the stand as a witness in his own behalf, testified as follows, to wit: 'These cattle belonged to the parties to this suit— Mrs. White and myself—by virtue of an agreement that we had. I had attached the cattle as the property of Mr. White, and she had interpleaded for them, and in the meantime I was under bond for the cattle. We effected a compromise, and she transferred her interest to me, with the privilege to collect from the railroad company any amount that might be due for the killing of the cattle. I have a transfer to that effect. Q. Is that the contract [indicating]? A. Yes, sir. Plaintiff then offers said contract in evidence. Whereupon the defendent, by its counsel objects to the introduction of this contract as evidence in this case, for the reason that said contract does not prove, or tend to prove, that R. P. Bowles and Barbara White have a joint cause of action against the Missouri, Kansas & Texas Railway Company, but the same shows that the said Barbara White sold to the said R. P. Bowles certain cattle, and assigned to him certain rights of action, which she, the said Barbara White, claimed against said Missouri, Kansas & Texas Railway Company. Whereupon plaintiff offers to amend his complaint in this case by changing the parties plaintiff from 'R. P. Bowles and Barbara White, Plaintiffs,' to 'Barbara White, to the use and for the benefit of R. P. Bowles, Plaintiff,' to which proposed amendment defendent, by its counsel, objects on the grounds: First, that the amendment would cause a complete change of the parties plaintiff; second, because it would substitute an entirely new cause of action than that originally sued upon,—which objection to such amendment the court overrules, and permits the amendment to be made, which is at once and in open

court done; to which action of the court in so overruling the defendant's objection to such amendment the defendant, by its counsel, then and there, at that time; duly excepts and still excepts.    Defendant then renews its above objection to the introduction of the said contract in evidence, which, objection is by the court overruled, to which action of the court in so overruling defendant's objection defendant, by its counsel, then and there at the time duly excepted and still excepts.    Thereupon the plaintiff read said contract to the jury,"—the said contract being the one heretofore referred to and set out in the statement of facts in this case.

"Every action must be prosecuted in the name of the real party in interest, except as provided in sections 4935 4936, 4938. " Mansf. Dig. § 4933. ''Where the assigment of a thing in action is not authorized by statute the assignor must be a party, as plaintiff or defendant.'' Id. § 4934. Section 4935 relates to transferring or assigning the right of plaintiff during the pendency of the action, which was not done in the case at bar.    The authorities cited, and apparantly relied upon by appellant, relate to cases where changes were made from a representative to an individual capacity, or vice versa, and, as it seems to us, are not in point, as applied to the facts of this case.    There is certainly no new cause of action set up, and the record shows that Bowles was an interested party by the assignment of Mrs. White, and the records show Bowles to have been in possession of the cattle at the time they were killed.    "One who is in the possession of goods may maintain trespass against a mere wrong-doer, without showing his rights to them, possession alone being sufficient for the purpose of the action, with respect to every one except the owner." 6 Wait, Act. & Def. p. 98. The appellant would not have been prejudiced by the parties remaining as they were, and neither was appellant prejudiced by the amendment, for the real parties in interest remained the same.    ''The allowance or refusal of amend-

ment, whether the action of the court is contrary to law or merely an abuse of discretion, will not constitute reversible error, if the party complaining is not prejudiced thereby." 1 Enc. Pl. & Prac. p. 533, and authorities cited in footnote 2. Bowles and Mrs. White were the only parties in interest, and the defendant could have suffered no injury by plaintiffs remaining as they were, and the change to "Barbara White, to the Use and for the Benefit of R. P. Bowles," could not prejudice the defendant, and was undoubtedly done by the court in the futherance of justice, and this court will not interfere in the exercise of such a discretion unless it has been grossly abused. Ford vs Ward, 26 Ark. 360. The court below, by virtue of the statute, had express authority to make the amendment. The issues were unchanged, and there was no change of the real parties in interest. See Mansf. Dig. § 5080.

"Sec. 5080. The court may, at any time, in futherance of justice, and on such terms as may be proper, amend any pleadings or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of any party, or a mistake in any other respect, or by inserting other allegations material to the case; or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved."

The foregoing disposes of the second specification in the brief of argument.

The third, fourth and fifth specifications apply to the charge of the court, the introduction of evidence, and the ruling on motion for new trial. An examination of the charge of the court shows the same to be very full and explicit, as to the proof of negligence being shown to the satisfaction of the jury, and substantially complies with the request of defendant in his specifications of error Nos. 14,

16, and 19. We think the general charge of the court is without error, and properly submitted the issues to the jury. "The verdict of a jury will not be disturbed in the supreme court, where the finding of the facts has been submitted to them under proper instructions of the court." Railway Co. vs White, 48 Ark. 495, 4 S. W. 52. We think the judgment of the court below was correct and it is hereby affirmed.

SPRINGER, C. J., and CLAYTON, J., concur.