MISSOURI, K. & T. RY. CO. V. FORD.

No. 144.    Opinion Filed July 13, 1909.

(103 Pac. 602.)

RAILROADS—Killing Stock—Actions—Questions for Jury. In an action against a railroad company for negligently killing plaintiff's cow, it appeared: That she was struck by defendant's engine with three passenger coaches attached, within the limits of a town, on a clear day, on a straight track unobstructed for 400 yards northward and about 250 yards southwards, with no obstructions on the right of way; that her tracks showed the cow ran 40 yards immediately ahead of the engine before she was struck; that the engineer testified that the first time he saw the cow she was on the track in front of his engine too close to stop his train in time to avoid the injury, and that the train was running about 10 miles an hour. Held, a proper case to go to the jury under the evidence.

(Syllabus by the Court.)

*Error from District Court, Seminole County; A. T. West, Judge.*

Action by J. P. Ford against the Missouri, Kansas & Texas Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Clifford L. Jackson, W. R. Allen,* and *John Wilmott.* for plaintiff in error, citing: *Gillet v. Burlington Ins. Co.,* 53 Kan. 108; *Lee v. Railway Co.,* 67 Kan. 402; *Railway Co. v. McCoy et al.* (Ind T.) 104 S. W. 620; *Railway Co. v. Webb,* 6 Ind T. 280; *Railway Co. v. Bolson* (Kan.) 14 Pac. 5; *Frick v. Reynolds,* 6 Okla. 638.

*Duke Stone,* for defendant in error, citing: *Railway Co. v. Shepherd,* 20 Okla. 626; *Railway Co. v. Ellis,* 54 Fed. 481; *Railroad Co. v. Stout* (U. S.) 21 L. Ed. 745; *Jones v. Railway Co.,* 128 U. S. 443; *Railway Co. v. Ives,* 144 U. S. 408; *Railway Co. v. Foley,* 53 Fed. 459.

TURNER, J. On May 10, 1906, J. P. Ford, defendant in error, plaintiff below, sued the Missouri, Kansas & Texas Railway Company, plaintiff in error, defendant below, in the mayor's court

within and for the incorporated town of Konawa in the western district of the Indian Territory. His complaint substantially' states: That he is a resident of said town; that defendant owns and operates a line of railway through the same, and on February 5, 1906, maintained a depot and an agent there; that on said day, within the limits of said town, defendant, through its agents and servants, "without exercising reasonable diligence to keep a lookout, and without using reasonable diligence after plaintiff's cow was seen on the track of said defendant, negligently and carelessly run a certain passenger train of said defendant over and upon the cow of the plaintiff, which train was going toward the south at the rate of about 15 miles an hour," and killed her, to his damage, $35. After answer, in effect a general denial, there was trial to a jury, which resulted in a judgment for plaintiff, from which defendant appealed, and trial anew in the district court of Seminole county at Wewoka again resulted in a judgment for plaintiff, and defendant brings the case here for review by petition in error and case-made.

At the close of plaintiff's testimony, defendant demurred to the evidence, which was overruled and excepted to, whereupon defendant proceeded to offer testimony, and at the close of all the testimony in the case moved the court to direct a verdict in its favor, which was overruled, and this constitutes the first assignment of error. The question thus presented to us by this appeal is whether, admitting the truth of all the evidence which has been given in favor of plaintiff, together with such inferences and conclusions as may be reasonably drawn from it, is there enough competent evidence to reasonably sustain this verdict, which, in effect, finds defendant negligent as alleged in this complaint? *William H, Harris et al. v. M., K. & T. Ry. Co., ante, p. 341*, 103 Pac. 758.

We think there is and was sufficient evidence of negligence to take the case to the jury. It, in substance, discloses: That plaintiff lived at Konawa, Ind. T., and was the owner of the cow in question, which had a market value of $40. That said cow was killed by one of defendant's passenger trains, consisting of an

engine and three coaches, while passing through said town going south, on February 5, 1906, at about 11 o'clock a. m. That she was struck by said train about 250 yards south of the depot. That at the time plaintiff was at his store about 100 yards from the scene of the injury, and, while he did not see her struck, saw her about 10 minutes thereafter. She was at the time lying on the side of the track where she had fallen, in a crippled condition. That her tracks between the rails indicated that she had run about 40 yards immediately in front of the train before being struck. That from where she lay the track was straight and unobstructed northward for 400 yards and southward for about 250 yards. The engineer testified: That the first time he saw the cow she was on the track ahead of the engine a distance he could not state; that the train was well equipped with air brakes, which were in good condition; that the track at the scene of the injury ran through cleared land with no buildings or other obstructions on the right of way; that the cow came from the left side of the track, and on that account was out of his range of vision; that he gave no signal of any kind; that he did not have time to do so, as the train was at the time running at an "average rate of speed," of about 10 miles an hour; but that he applied the air brakes as soon as he saw her, which was all he could do to stop the train; that the bell was ringing during the run through the station limits; that the accident could not have been avoided with safety to his train; that at the time he was keeping a lookout for objects upon the track; that the air was clear, and objects the size of a cow could be seen for at least a quarter of a mile on a straight track; that he was the first to discover the cow on the track; and that she did not run any distance ahead of the engine before being struck. The fireman testified: That he was not certain of the exact point where the injury occurred, and knew nothing of it until informed by the engineer, which was at once after the injury; that he never saw her, owing to the fact that he was putting in coal; that he knew of no signals or alarms being given at that time and of no effort

to stop the train. Why they were not given, or why no effort was made to stop, he did not know.

From all of which might fairly be inferred that, as the day was clear, the track was straight, and the right of way unobstructed, from the cow northward for some 400 yards and southward some 250 yards, the engineer was not on the lookout for stock at the time of the injury. Had he been, there was nothing to prevent him from seeing the cow before she came upon the track, and sounding the stock alarm, which was not done. Nor was the fireman on the lookout, for he so states. As a result of such failure, the animal was not discovered upon the track in time to stop the train or do anything to avoid the injury. The attempt of the engineer to excuse his failure to discover the animal by stating that it had come from the left side of the track and for that reason was out of his range of vision, after stating, as he did, that the first time he saw her was on the track in front of his engine too close to stop his train in time to avoid the injury, might be regarded as a mere expression of opinion. These facts, and the inferences and conclusions thus reasonably drawn therefrom, show negligence, or at least sufficient evidence thereof, to take the case to the jury, as it was not an open question in Indian Territory at the time this injury occurred that railway companies were required to keep a lookout for stock on their tracks. *M., K. & T. Ry. Co. v. Shepherd,* 20 Okla. 626, 95 Pac. 243. See, also, *M., K. & T. Ry. Co. v. White,* 2 Ind. T. 23, 47 S. W. 351; *M., K. & T. Ry. Co. v. Farrington,* 1 Ind. T. 646, 43 S. W. 946; *Gulf, C. & S. F. Ry. Co. v. Washington,* 49 Fed. 347, 1 C. C. A. 286; *Gulf, C. & S. F. Ry. Co. v. Ellis,* 54 Fed. 481, 4 C. C. A. 454.

The facts in *M., K. & T. Ry. Co. v. McClendon,* 1 Ind. T. 537, 42 S. W. 283, were strikingly similar to those in the case at bar. In that case it appeared: That the injury was done by an engine with no train attached, in the suburbs of a village where the track was not fenced. That plaintiff testified that the cow ran ahead of the engine for 30 yards before she was struck. The engineer testified that she came on the track immediately in front of the

engine just before she was struck. That the engine was not running more than 10 miles an hour. That there was not sufficient time to give signals or stop the engine after the animal was discovered on the track and before she was struck. That the engine was stopped about a car length from where the animal was struck. It was held to be a proper case to go to the jury. A case should not be withdrawn from the jury "unless the conclusion follows as a matter of law that no recovery can be had upon any view which can be properly taken of the facts the evidence tends to establish." *Railway Co. v. Cox,* 145 U. S. 593, 12 Sup. Ct. 905, 36 L. Ed. 829. And in cases involving the question of negligence, the rule is now settled that:

"When a given state of facts is such that reasonable men may fairly differ upon the question as to whether there was negligence or not, the determination of the matter is for the jury. It is only where the facts are such that all reasonable men must draw the same conclusion from them that the question of negligence is ever considered one of law for the court." (*Gulf, C. & S. F. Ry. Co. v. Ellis,* 54 Fed. 481, 4 C. C. A. 454.)

We are therefore of opinion that the court did not err in overruling defendants's motion for a peremptory instruction and submitting the case to the jury under proper instructions, and for that reason, and as there is no merit in defendant's contention that certain evidence should have been excluded, the judgment of the trial court is affirmed.

Dunn, Hayes, and Williams, JJ., concur; Kane, C. J., not participating.