FT. SMITH & W. R. CO. v. MCCORMICK.

No. 450.    Opinion Filed March 8, 1910.

(108 Pac. 377.)

RAILROADS—Injury to Stock—Pleading—Evidence. In an action for
damages for the negligent killing of live stock by a railroad
company, on a dark night, where one of the averments of neg-
ligence was to the effect that the locomotive that ran into the
stock was equipped with a dim headlight not sufficient to see
stock any distance from said train, it was not error to allow
plaintiff to introduce evidence tending to prove that said loco-
motive was equipped with a dim oil headlight.

(Syllabus by the Court.)

*Error from District Court, Okfuskee County; John Caruthers,*
*Judge.*

Action by L. C. McCormick against the Ft. Smith & Wes-
tern Railroad Company. Judgment for plaintiff, and defendant
brings error. Affirmed.

*Chas. E. Warner* and *Harry P. Warner,* for plaintiff in error.
—Citing: *Eddy v. Lafayette,* 49 Fed. 789; *Ruppert v. Brooklyn,*
*etc., R. Co.,* 154 N. Y. 90; *Railway Co. v. Trotter,* 37 Ark. 597;
*Railway Co. v. Jones,* 76 Ill. 311; *Holman v. Railroad Co.,* 62 Mo.
562; *Railroad Co. v. Hall* (Ala.) 6 So. 277; *Railway Co. v. Hage*
(Ala.) 37 So. 439.

*C. T. Huddleston,* for defendant in error.—Citing: *Railway*
*Co. v. Washington,* 49 Fed. 347; *Railway Co. v. Ellis,* 54 Fed.
481; *Sans Bois Coal Co. v. Janeway,* 22 Okla. 425.

KANE, J.   This action was prosecuted by the defendant in
error, plaintiff below, against the plaintiff in error, defendant be-
low, to recover damages for the alleged negligent killing of one
gray mare and two colts.   The petition contains averments of neg-
ligence in the operation of the defendant's train, and that the en-
gine was equipped with an oil headlight only.   The answer denied
all the allegations of the petition, putting in issue all the aver-
ments thereof.   There was a verdict for plaintiff, upon which
judgment was duly entered, to reverse which this proceeding in
error was commenced.

The evidence of plaintiff was to the effect that the horses were run down and killed at a point about 250 yards west of the station of Boley, by an east-bound passenger train of the defendant; that the track for a quarter of a mile west of where the stock was struck was straight; that the engineer could have seen objects upon the tracks for that distance; that it had been raining, and from hoof tracks on the roadbed it appeared that the stock had run down the track 200 yards or better ahead of the train, until they reached a trestle, upon which they had stopped, where they were struck; that at the speed the train was running it could have been stopped within 150 feet. The stock was struck about 9:25 o'clock on a very dark and misty night. The engineer gave the station signal, but sounded no other whistle. This was substantially the evidence on the part of the plaintiff; no one testifying in his behalf having been an eyewitness of the accident. The evidence on the part of the defendant was to the effect that the train was coming into Boley about 9:25 p. m. He (the engineer) had shut off the steam and was rolling into town.

"It was very dark and misty, and we were coming around a curve to the left, and I was sitting with my hand on brake valve. Had already whistled for town, and was leaning on outside of window, and discovered some animals on the track ahead, about 75 feet and as quick as I saw them I applied brakes and emergency, knowing that there was bridge just ahead of me, and reached then for whistle and blew it two or three times and kept watching stock to see if they were going onto the bridge. I got down between engine and tank, in case engine went to turn over, so I could get off. Ran into stock, and I went out and saw one lying under the pilot. Backed engine, and when we went to back out saw suckling colt lying to the left of bridge with legs broken, and on right of bridge noticed a gray animal standing on all four feet. Animals came on tracks about 75 feet from engine when first seen. They ran something like 50 feet until they ran into bridge. Had oil headlight on engine at time. After animals came on the track, used every effort in my power to stop the train. I was sitting ready to make station stop. Had my hand on brake, and as quick as I saw them I put the brake valve into emergency. Had already shut off steam."

There are two assignments of error urged by counsel for

plaintiff in error in their brief: (1) Error in denying defendant's request to direct verdict for defendant; and (2) error in admission of testimony as to headlight of engine. We do not believe either ground is well taken. There is a line of stock-killing cases coming up from the Indian Territory, commencing with *Gulf, C. & S. F. Ry. Co. v. Washington,* 49 Fed. 347, 1 C. C. A. 286, and *Gulf, C. & S. F. Ry. Co. v. Ellis,* 54 Fed. 481, 4 C. C. A. 454, that have been followed by this court in *M., K. & T. Ry. Co. v. Shepherd,* 20 Okla. 626, 95 Pac. 243; *M., K. & T. Ry. Co. v. Ford,* 24 Okla. 352, 103 Pac. 602, and *Harris et al. v. M., K. & T. Ry. Co.,* 24 Okla. 341, 103 Pac. 758, that seem to cover the first point made by counsel so fully that a further discussion would seem superfluous. In all of these cases the facts were similar to the facts in the case at bar, and in all of them it was held that it was proper to submit them to the jury. There is no room to distinguish the case at bar from them.

It was not error to admit evidence that the locomotive headlight to the train was equipped with an oil headlight only, and that it was a dim light as well.

"The general rule is that if the employer uses ordinary care to provide, and to keep in reasonably safe condition, appliances of the kind that are in common use, he is not guilty of negligence." (Elliott on Railroads [2d Ed.] § 1274.)

It is a matter of common knowledge that electric headlights have been in general use by railroads for many years, and that such lights have many advantages over the old oil lights in enabling the engineer to see objects on the track at night. The jury had a right to take into consideration the knowledge and experience of men in relation to matters and things of common knowledge. The testimony in this case was not only to the effect that a coal oil headlight was in use, but it was a dim light as well. We think it was a question for the jury as to whether the railway company used ordinary care to provide and keep in repair a proper headlight, and whether its failure to provide an electric headlight was negligence under the circumstances of this case.

The judgment of the court below is affirmed.

All the Justices concur.