## MISSOURI, K. & T. RY. CO. v. JONES, *Trustee.*

No. 1108.   Opinion Filed February 6, 1912.

(121 Pac. 622.)

**RAILROADS—Appeal and Error—Operation of Railroad—Injuries to An-
imals—Review—Questions of Fact.** In the Indian Territory, prior
to statehood, it was the duty of the engineer operating a railway
locomotive and train to exercise reasonable care to discover ani-
mals on the track, and after discovering them to use reasonable
diligence in avoiding injuries; and where there is testimony rea-
sonably tending to show the absence of such care, and the court,
the jury having been waived, has rendered judgment, that judgment
will not be disturbed on appeal.

(Syllabus by Ames, C.)

*Error from Oklahoma County Court;
Sam Hooker, Judge.*

Action by Paul H. Jones, trustee of the estate of Stebbins
& Kirkes, bankrupts, against the Missouri, Kansas & Texas
Railway Company, for the value of two mules, killed by the
trains of defendant. Judgment for plaintiff, and defendant
brings error. Affirmed.

*Clifford L. Jackson* and *W. R. Allen,* for plaintiff in error.

*Giddings & Giddings,* for defendant in error.

Opinion by AMES, C. Motion has been made by the plain-
tiff in error, hereinafter called the defendant, to dismiss this
appeal, because Paul H. Jones, as trustee, is not the real party
in interest, his interest having been assigned to one S. C. Vin-
son, and a like motion has been filed by S. C. Vinson; it being
claimed that Vinson has purchased this claim under an order of
the court having jurisdiction of the bankruptcy proceedings.
These motions are resisted by the defendant in error, herein-
after called the plaintiff, and they are overruled without preju-
dice to any rights which the parties may desire to assert in any
appropriate proceeding in the trial court or elsewhere.

As previously stated, the action is to recover the value of
two mules, alleged to have been killed by two separate trains

of the defendant. The trial was had without the intervention of a jury, and resulted in a judgment for the plaintiff. The only error assigned is that the judgment is contrary to law, and is not supported by the evidence; and the only argument made is that there is no evidence properly tending to show that the mules were negligently killed by the trains of the defendant.

There was testimony for the plaintiff tending to show that the first mule was killed on a straight track by a passenger train running 50 or 60 miles an hour; that the track was straight for about three or four miles in one direction and a half mile in the other; that the mule was killed about three o'clock in the afternoon; that when it was first seen it was about 40 or 50 rods ahead of the train, running down the track; that no signals were given; that one witness saw the train about three-fourths of a mile north of the point where the mule was killed; that there were no obstructions on the right of way, and that the men in the engine could have seen the mule much further than the three-fourths of a mile; that no effort was made to stop the train. There was testimony of the engineer and fireman tending to show that after the mule was seen there was not sufficient time to stop the train.

With reference to the second mule, the testimony for the plaintiff tended to show that it was killed about 5 o'clock in the morning; that the mule was seen on the track, going north ahead of the engine 40 or 50 yards; that the train followed the *mule about 100 yards to a trestle, and as the mule turned to* leave the track he was struck and killed; that the train was going at the rate of about 40 or 50 miles an hour, and that no effort was made to stop it, although stock alarms were given; that the track was straight for about a half mile, and the mule could have been seen by the engineer for at least a quarter of a mile; that when the witness first saw the mule it appeared to be in the middle of the track, or close at the side. The testimony for the defendant tended to show that the train could not be stopped after the mule was seen. The evidence, also, tended to show that the mules were worth $500 or $600. The judgment was for $250.

We have not set out the defendant's evidence more fully, because the question involved was whether or not there was any evidence tending to support the judgment of the trial court. If there was, that judgment must stand, as this court will not weigh conflicting evidence, but will take the facts as found by the trial court. We are of the opinion that there was evidence tending to show negligence; and that the judgment of the trial court must be affirmed.

In *Harris v. Missouri, K. & T. Ry. Co.,* 24 Okla. 341, 103 Pac. 758, 24 L. R. A. (N. S.) 858, the third paragraph of the syllabus is as follows:

"It is not enough for the engineer and fireman in charge of a railway locomotive and train to use diligence merely in driving animals away that are discovered upon the track; they should keep a vigilant lookout, and exercise ordinary diligence to frighten away animals that may be discovered approaching, or in dangerous proximity to the track, by sounding the whistle, ringing the bell, and using the means provided for that purpose."

In *Missouri, K. & T. Ry. Co. v. Ford,* 24 Okla. 352, 103 Pac. 602, the syllabus is as follows:

"In an action against a railroad company for negligently killing plaintiff's cow, it appeared: That she was struck by defendant's engine, with three passenger coaches attached, within the limits of a town, on a clear day, on a straight track unobstructed for 400 yards northward and about 250 yards southward, with no obstructions on the right of way; that her tracks showed the cow ran 40 yards immediately ahead of the engine before she was struck; that the engineer testified that the first time he saw the cow she was on the track in front of his engine too close to stop his train in time to avoid the injury; and that the train was running about ten miles an hour. *Held,* a proper case to go to the jury under the evidence."

Both of these cases originated in the Indian Territory, as did this one, and the principles of law therein laid down cover this case, and, in view of the evidence here and the rule of law already established, we think this case should be affirmed.

By the Court: It is so ordered.